JOHN MABEE AND ELIZA MABEE, HIS WIFE, RESPONDENTS,. *v.* ANDREW CROZIER, APPELLANT.

*Usury—an agreement to waive it, and not to set it up as a defense, is void.*

In 1878, the defendant, having commenced to foreclose by advertisement a. mortgage given to him by the plaintiff, the latter commenced an action to have the said mortgage adjudged void for usury, and procured therein an injunction restraining the proceedings then pending for its foreclosure. Thereafter an agreement was entered into between the said parties by which the action was discontinued, and certain changes in the terms of payment of the mortgage made, and by which it was "further covenanted and agreed, that the defense of usury in the loan of the money secured by said mortgage is forever waived and abandoned, and it is a part of the consideration of this agreement, that under no circumstances shall the said. Mabee set up, interpose, or take advantage of the defense of usury, in defense of any proceeding or action that may hereafter be commenced or prosecuted by the said Crozier, his executor, administrator, or assigns, to foreclose said mortgage, or to recover the money due, and to grow due thereon."

This action was brought by the plaintiff to restrain the defendant from continuing other proceedings subsequently instituted by him to foreclose the said mortgage by advertisement, on the ground that it was void for usury.

*Held*, that the agreement to waive the defense of usury, and not to set it up in any subsequent proceedings, was void, and could not be enforced.

APPEAL from a judgment in favor of the plaintiffs, entered upon. the trial of this action by the court without a jury.

In February, 1878, the defendant commenced proceedings to foreclose by advertisement a mortgage given to him in 1873 by the plaintiffs. The plaintiffs claiming that the mortgage was void for usury,. thereupon commenced an action to have the said mortgage declared: void; and to procure therein an injunction restraining the defendant from continuing the foreclosure proceedings then pending. After issue had been joined in this action and the cause moved for trial, the parties entered into an agreement in writing, by which the said action was settled and discontinued, and in which, after making certain changes as to the times of payment of the amounts to fall due under the mortgage, it was "further covenanted and agreed,. that the defense of usury in the loan of the money secured by said. mortgage, is forever waived and abandoned, and it is a part of the-

consideration of this agreement, that under no circumstances shall the said Mabee set up, interpose, or take advantage of the defense of usury, in defense of any proceeding or action that may hereafter be commenced or prosecuted by the said Crozier, his executor, administrator or assigns, to foreclose said mortgage or to recover the money due and to grow due thereon."

In May, 1879, the plaintiffs, having again made default in the payments due under the mortgage, the defendant commenced proceedings to foreclose the mortgage by advertisement, whereupon the plaintiffs commenced this action to have the mortgage adjudged void; and procured an injunction restraining the defendant from foreclosing it.

The court held the agreement to waive and abandon the defense of usury void, and directed a judgment in favor of the plaintiffs.

*Merritt King,* for the appellant.

*J. L. & C. H. Baker,* for the respondents.

BOCKES, J. :

The evidence in support of the alleged usurious agreement is not of the most conclusive character. It must be accepted, however, we think, as sufficient to sustain the finding of the learned judge. On the whole, the preponderance of evidence is in favor of the finding. The question then is, whether effect must be given to the agreement made between the parties on the settlement and withdrawal of the former suit. It was then agreed that the defense of usury set up against the bond and mortgage should be waived, and under no circumstances be interposed or taken advantage of to defeat their enforcement.

It can hardly be claimed that a contract made between parties to a usurious agreement, that the usury should not be insisted on to invalidate it, can be binding. If such a contract may be enforced, the statute against usury may be easily evaded. This result cannot be permitted on principle. If usurious, the contract is absolutely void, and no agreement between the parties to it can give it vitality, nor can any valid binding contract be engrafted upon it. The taint of usury permeates all transactions based upon it, and all are void

alike. The bond and mortgage, if usurious, was not rendered valid by the new agreement. They still remained usurious and void. This second agreement was like giving a new security for the payment of the usurious loan, or a new promise to pay the debt. In such case all contracts growing out of the usurious agreement are alike void. This rule of law is quite too familiar to require the citation of authorities. This is not like the case of a settlement of a disputed claim. The agreement was to *waive the usury*. There was no concession that usury did not in fact exist; on the contrary, the very agreement not to insist upon it presupposed its actual existence.

But it is urged that the agreement operated to defeat the defense by way of estoppel. But here was no representation or assurance that usury did not in fact exist. Besides, an estoppel has its foundation in good faith, in the belief of the party to whom assurances are made of their truthfulness. In this case the agreement to waive the usury was between the parties to the usurious contract. The fact as to the alleged usury was known to both parties. There is no ground on which to base an estoppel.

The judgment must be affirmed, with costs.

LEARNED, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.